IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIE ORLANDO McKINNON,

   Plaintiff,

v.

KIMBERLY BROOKE CISSEL, et al.,

   Defendants.

Civil Action No.: BAH-24-2809

**MEMORANDUM**

    Plaintiff Willie Orlando McKinnon, who is incarcerated at Maryland Correctional Training Center, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because McKinnon appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court under the 28 U.S.C. § 1915(e)(2)(B) and 1915A criteria.

    McKinnon alleges that Defendants, Assistant State's Attorneys at the Montgomery County State's Attorney's Office (collectively "Defendants"), violated his Fourth, Fifth, and Fourteenth Amendment rights. ECF 1-1. He asserts that Defendants tampered with video evidence that was introduced at Plaintiff's state criminal trial and that Defendants conspired with a detective to cover up the fact that the detective framed Plaintiff for armed robbery and assault.[1] *See id.* at 1–3.

    Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

---

[1] McKinnon alleges that at trial, "the prosecution team [] edited or tampered with evidence when they added another store attendant to the video by placing him behind the counter of that store along with the other store attendant to try and match [the detective's] details in his t[ai]nted warrant for two arm[ed] robberies that never happen[ed]." ECF 1-1, at 2.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, McKinnon's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(2) because Defendants are immune from suit.

Maryland's State's Attorneys and Assistant State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211, 212 (4th Cir. 1997). A prosecutor's absolute immunity when performing advocative functions is designed to protect judicial process. *See Imbler*, 424 U.S. at 427–28 (providing that qualifying a prosecutor's immunity would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system"); *Kalina*, 522 U.S. at 125–26. Thus, the relevant inquiry to determine whether a prosecutor's actions are protected by absolute immunity is whether the actions at issue are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 494 (1991) (citing *Imbler*, 424 U.S. at 430). Courts must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). In applying this functional approach, courts in the Fourth Circuit consider only "'the nature of the function performed,' without regard to 'the identity of the actor who performed it,' 'the harm that the conduct may have caused,' or even 'the question whether it was lawful.'" *Id.* (quoting *Buckley*, 509 U.S. at 269, 271). "Actions taken by a prosecutor *after* a probable-cause determination has been made generally are classified as 'advocative' functions . . . ." *Annappareddy v. Pascale*, 996 F.3d 120, 139 (4th Cir. 2021) (emphasis in *Annappareddy*) (quoting *Nero*, 890 F.3d at 118). "That

2

includes, of course, the presentation of evidence at trial, or before a grand jury after a decision to seek an indictment is made." *Id.* (citing *Buckley*, 509 U.S. at 273).

In *Annappareddy*, the plaintiff brought a civil action against a state prosecutor alleging that, after the plaintiff had been indicted, the prosecutor had participated in fabricating evidence used at the plaintiff's trial. *Id.* at 139–40. The Fourth Circuit "readily conclude[d] that under *Buckley*'s functional analysis, these allegations go to [the prosecutor's] 'advocative' role and are sufficiently tied to the 'judicial process' to warrant absolute prosecutorial immunity." *Id.* at 140. That the prosecutor's allegedly wrongful action occurred post-indictment was "enough to establish that [the prosecutorial defendant's] alleged evidence fabrication was undertaken in her 'advocative' capacity, in preparation for the trial that was about to begin, and not as an 'investigator' seeking probable cause for an arrest or indictment." *Id.* Thus, "[b]ecause [the prosecutor] was acting in her role as advocate when she allegedly fabricated evidence for use at trial," the Fourth Circuit found that "she [was] shielded by absolute prosecutorial immunity." *Id.* at 140–41.

Here, McKinnon's allegations center on evidence that Defendants presented at trial as prosecutors, and the allegedly wrongful conduct necessarily occurred after the arrest warrant had been issued and probable cause established. *See* ECF 1-1, at 2 (alleging that the prosecutors "edited that video to try and match the details in that tainted warrant"). The instant case is therefore on all fours with *Annappareddy*. As in that case, this Court's consideration of the prosecutorial defendants' conduct is limited solely to "the nature of the function performed." *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). When presenting video evidence at trial, Defendants were acting in their capacity as advocates. *See Buckley*, 509 U.S. at 273; *Imbler*, 424 U.S. at 431. Because the allegedly wrongful conduct occurred at trial and after probable cause had been established, Defendants in the instant case enjoy absolute prosecutorial immunity from

3

McKinnon's allegations regarding what was presented at trial. *See Annappareddy*, 996 F.3d at 140. Accordingly, the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

A separate Order follows.

<u>November 25, 2024</u>                                    _____/s/_____
Date                                                                          Brendan A. Hurson
                                                                                  United States District Judge